30846

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATIONAL CONTINENTAL INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 18 cv 5931 |
| DANNY JEAN ST. LOUIS, NIS FREIGHT, LLC, and EDSON M. GUERRIER, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, NATIONAL CONTINENTAL INSURANCE COMPANY, by its attorneys, The Hunt Law Group, LLC, sets forth below its complaint for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.*, and 735 ILCS 5/2-701:

### JURISDICTION AND VENUE

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

2. National Continental Insurance Company (hereinafter "National Continental") is an insurance company incorporated under the laws of the State of New York, with its principal place of business in the State of Ohio.

3. Upon information and belief, NIS Freight, LLC ("NIS") is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Schiller Park, Illinois.

1

4. Upon information and belief, Edson M. Guerrier is a citizen of the State of Georgia.

5. Upon information and belief, Danny Jean St. Louis is a citizen of the State of Georgia.

6. National Continental files this action to seek a declaration that it owes no duty to defend or indemnify or provide surety to NIS or Guerrier in connection with a lawsuit brought by Danny Jean St. Louis for bodily injury as the result of a motor vehicle accident in the matter styled *St. Louis v. NIS Freight, LLC, et al.*, currently pending in the Law Division of the Circuit Court of Cook County, Case No: 2018 L 063036. (See Complaint, attached hereto as **Exhibit A**.)

7. Upon information and belief, St. Louis is seeking to recover for personal injuries including a brain injury requiring multiple surgeries, for which the medical bills presently exceed $180,000.

8. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between National Continental and Defendants, and (b) the amount in controversy, including potential costs of both defending and indemnifying NIS in the underlying lawsuit, exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391 because NIS's principal place of business is in the Northern District of Illinois, and many of the acts from which the Underlying Lawsuit originated occurred in the Northern District of Illinois.

## UNDERLYING LAWSUIT

10. According to St. Louis's complaint, the alleged motor vehicle accident took place in Chesapeake City, Virginia, on June 12, 2017. (**Exhibit A**.) St. Louis has alleged that he was "riding" in a tractor operated by Guerrier and owned by NIS. (**Exhibit A**.) St. Louis alleges that Guerrier was an employee or agent of NIS. (**Exhibit A**.) St. Louis alleges that Guerrier -- while

stopped at the stop sign in the median -- negligently attempted to cross three lanes of traffic and collided into a tractor-trailer operated by another driver. (**Exhibit A**.)

11.  St. Louis has alleged that NIS is vicariously liable for the actions of its employee, Guerrier.

12.  St. Louis has alleged that as a direct and proximate result of these aforementioned negligent acts and/or omissions on the part of Guerrier and NIS, St. Louis sustained various injuries.

13.  NIS entered into an "Independent Contractor Operating Agreement" with Edraz Trucking, LLC ("Edraz") -- a business owned by Edson M. Guerrier -- dated March 13, 2017. (See Independent Contractor Operating Agreement, attached hereto as **Exhibit B**.)

14.  The agreement states that Edraz is not an employee of NIS, and all aspects of relationship between Edraz and NIS are based on Edraz's status as an independent contractor. (**Exhibit B**.)

15.  The agreement also provides that any driver Edraz furnishes other than Edraz shall be paid and otherwise treated by Edraz as Edraz's employee. (**Exhibit B**.)

16.  Upon information and belief, at the time of the occurrence alleged in St. Louis's complaint, Guerrier was operating the subject tractor pursuant to the Independent Contractor Operating Agreement as an employee of Edraz.

## NATIONAL CONTINENTAL POLICY

17.  Before June 12, 2017, NIS purchased a policy of public-liability insurance (CIL 000-5678-3526) from National Continental.[1]

---

[1] The declaration page of the subject policy misspells NIS Freight, LLC as "NSI Freight, LLC."

18. A true and correct copy of the National Continental insurance policy is attached as **Exhibit C**.

19. The National Continental insurance policy purchased by NIS contains an exclusion for Employee Indemnification and Employer's liability, which provides that the policy will not apply to bodily injury to an employee of the insured arising out of and in the course of employment by the insured, or performing the duties related to the conduct of the insured's business. (**Exhibit C**, Form CA 00 01 03 10, Section II.B.4.a, Page 58.)

20. The National Continental insurance policy also contains an exclusion for Fellow Employees, which provides that the policy will not apply to bodily injury to any fellow employee of the insured arising out of and in the course of the fellow employee's employment or while performing duties related to the conduct of NIS's business. (**Exhibit C**, Form CA 00 01 03 10, Section II.B.5.a, Page 58.)

21. The National Continental insurance policy defines an "employee" as including a "leased worker," but not including a "temporary worker." (**Exhibit C**, Form CA 00 01 03 10, Section IV.F, Page 65.)

22. The National Continental insurance policy defines a "leased worker" as a person leased to NIS by a labor leasing firm under an agreement between NIS and the labor leasing firm to perform duties related to the conduct of the NIS's business. (**Exhibit C**, Form CA 00 01 03 10, Section IV.I, Page 65.)

23. The National Continental insurance policy also includes an MCS-90 Endorsement. This endorsement provides that the insurance policy to which the endorsement is attached provides automobile liability insurance and is amended to assure compliance by NIS as a motor carrier of property within Sections 29 and 30 of the Motor Carrier Safety Act of 1980 and the rules and

4

regulations of the Federal Motor Carrier Safety Administration. (**Exhibit C**, Form MCS-90, Pages 53-54.)

24. The MCS-90 Endorsement further provides that the insurance is for public liability and does not apply to injury or death of the insured's employees while engaged in the course of their employment. (**Exhibit C**, Form MCS-90, Pages 53-54.)

25. The regulations promulgated by the Federal Motor Carrier Safety Administration define an employee as "any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler." 49 C.F.R. § 390.5.

## GROUNDS FOR DECLARATORY JUDGMENT

26. At the time of the occurrence that is the subject of St. Louis's Complaint, both Guerrier and St. Louis were employees of NIS as that term is defined under the National Continental insurance policy.

27. At the time of the occurrence that is the subject of St. Louis's Complaint, pursuant to the Contractor's Lease Agreement, Edraz acted as a labor leasing firm, as that term is used in the National Continental insurance policy.

28. St. Louis's claim is excluded from the liability coverage of the National Continental insurance policy pursuant to the terms and conditions of the National Continental insurance policy.

29. The defendants are named as parties to this action, because they each have a financial interest of the outcome of National Continental's request for declaratory judgment.

30. An actual controversy exists between the parties, and pursuant to 28 U.S.C. § 2201 and 735 ILCS 5/2-701, this Court is vested with the power to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the National Continental policy and to adjudicated the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, Plaintiff, National Continental Insurance Company, prays pursuant to 28 U.S.C. § 2201 and 735 ILCS 5/2-701 that this Court declare:

(a) There is no liability coverage, other coverage, or surety afforded to NIS Freight, LLC, or Edson Guerrier under the policy issued by National Continental Insurance Company, under policy number CIL 000-5678-352-6, or the MCS-90 endorsement attached thereto, for the lawsuit brought by Danny Jean St. Louis;

(b) National Continental Insurance Company is not obligated to defend, indemnify or provide surety for NIS Freight, LLC, or Edson Guerrier as to the lawsuit brought by Danny Jean St. Louis, or as to any other claim or action based on the accident of June 12, 2017.

Respectfully submitted,

By: _____
Brian J. Hunt

Brian J. Hunt
Yong S. Lee
THE HUNT LAW GROUP, LLC
Attorneys for Plaintiff
10 South LaSalle Street, Suite 1450
Chicago, Illinois 60603
312-384-2300 (phone)
312-443-9391 (fax)
bhunt@hunt-lawgroup.com
ylee@hunt-lawgroup.com